IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WARREN RIVERA,

        Plaintiff,

v.                                                                 CIV 14-0996 LH/KBM
                                                               CR  11-1204 LH

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S PFRD

THIS MATTER comes before the Court on Plaintiff Warren Rivera's Motion to Amend his § 2255 Petition (*Doc. 11*) filed on February 9, 2015, the Proposed Findings of Fact and Recommended Disposition (PFRD) by Chief Magistrate Judge Karen B. Molzen (*Doc. 18*) filed on June 19, 2015, and Rivera's Objections to the PFRD (*Doc. 19*) filed on July 13, 2015, with a signed copy filed on July 27, 2015 (*Doc. 20*).[1] The Court, having conducted a *de novo* review of the Chief Magistrate Judge PFRD, adopts the recommendation to construe Rivera's Motion to Amend as a surreply, overrules Rivera's objections, denies Plaintiff's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (*Doc. 1*), and will dismiss this case.

---

[1] Within fourteen days after being served with a copy, any party may serve and file written objections to a magistrate judge's proposed findings and recommendations as provided by the rules of the court. 28 U.S.C.A. § 636(b)(1). Pursuant to FED. R. CIV. P. 6(d), a party is afforded an additional three days after service for mailing, making the objections to Judge Molzen's PFRD due on July 6, 2015. Under the federal prisoner mailbox rule, a pro se prisoner's submissions are considered filed when the prisoner delivers the pleading to prison officials for mailing. *See Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). This rule also applies to a prison inmate's objections to a magistrate's report. *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (citation omitted). A prisoner may prove compliance by submitting a declaration that sets forth the date he submitted the papers for filing. *Id.* at 1165. Rivera provided a certificate of service stating that his objections were mailed on July 7, 2015; however, the certificate was not signed. *Doc. 19* at 8. Rivera resubmitted his objections on July 27, 2015, correcting this omission. *Doc. 20* at 8. Although Rivera originally submitted his objections a day late, the Court will deem them timely and address the merits.

**I.       Standard of Review**

When a party files timely written objections to the Magistrate Judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C.A. § 636(C). *De novo* review requires the district court to consider relevant evidence of record and not merely review the Magistrate Judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Following a *de novo* review of the evidence in the record, the Court finds that Rivera's objections are without merit and will adopt the Chief Magistrate Judge's recommendation to dismiss this case.

**II.      Discussion**

Rivera makes essentially two objections to the Magistrate Judge's PFRD. First, he objects to the Magistrate Judge's finding that no prejudice resulted from his attorney's failure to move for a mistrial prior to the verdict. Next, he objects to the Magistrate Judge's finding that his counsel's performance was not deficient at sentencing.

**A.       Counsel's Failure to Move for a Mistrial Prior to the Verdict.**

During trial, two jurors inadvertently viewed the transcript of a 911 telephone call that had not been admitted into evidence. The Court was alerted to this predicament during deliberations when the jury asked to see the transcript. Upon being notified, the

Court immediately instructed the jury that the transcript had not been admitted and could not be considered. Rivera's counsel did not move for a mistrial prior to the jury rendering its verdict but filed a motion for mistrial the following day, which was denied.

Rivera contends that the Court's denial of his motion for a mistrial "on the basis that such a motion cannot be granted after a verdict is rendered," (*Doc. 20* at 2), implies that the Court may have granted the motion had it been properly raised and the procedures set forth in FED. R. CRIM. P. 26.3 been allowed.[2] The Magistrate Judge found that Rivera's counsel arguably erred by failing to move for a mistrial prior to the verdict; however, that deficient performance is only one component of the test required to establish a violation of Rivera's Sixth Amendment right to the assistance of counsel.

The Magistrate Judge correctly recapitulated that a petitioner must also show that the deficient performance prejudiced the defense. *Doc. 162* at 3 (citing *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009). Chief Magistrate Judge Molzen explained that "[e]ven assuming it was error for counsel to not move for a mistrial before the jury reached its verdict, Rivera has not shown, beyond his conclusory assertions, that the alleged error changed the outcome of the trial." *Doc. 162* at 7. Once the Court was alerted that two of the jurors had inadvertently viewed the transcript, it immediately instructed the jury that the transcript had not been admitted and could not be considered. *Doc. 162* at 7. While Rivera disagrees that the Court's instruction cured the prejudicial effect, there is no evidence in the record that the jury disregarded the Court's instruction. *United States v. Morgan*, 748 F.3d 1024, 1042 (10th Cir. 2014) (jurors are

---

[2] Federal Rule of Criminal Procedure 26.3 states:

> Before ordering a mistrial, the Court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives.

presumed to follow curative instructions from the court and cautionary instructions are usually sufficient to cure any alleged prejudice).  Rivera only speculates that the jury's decision was influenced by two of its members viewing the transcript and offers no authority that would require the jury to be "polled or questioned on their knowledge of the unadmitted [sic] evidence." *Doc. 20* at 3.

Rivera provides a detailed account of the evidence contained in the transcript of the first phone call. The jury, however, did not have the opportunity to study the transcript. Moreover, only two jurors actually saw the transcript, and it is unknown which parts of the transcript were viewed. Even if the two jurors reviewed the entire transcript, Rivera has not offered anything beyond his own speculative conclusions that they, or any of the other jurors, failed to disregard its contents as instructed by the Court. Further, I agree with the Magistrate Judge's analysis that the evidence contained in the transcript was innocuous when compared with a second phone call that was admitted into evidence. *See Doc. 162* at 8.

### B.     Counsel's Failure to Object at Sentencing

Rivera contends that his attorney failed to object when the Court enhanced his sentence under the Armed Career Criminal Act (ACCA) "based on factors other than prior convictions" and argues those facts should have been submitted to a jury in accordance with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Doc. 20* at 6. Rivera does not identify which factors he is referring to or which facts should have been submitted to the jury. His briefing suggests that he is referring to the recommendations in the Pre-Sentence Report (PSR) that his base offense level be increased by four points due to the "Specific Offense Characteristic" that he used a firearm in connection

with the felony crime of Aggravated Assault with a Deadly Weapon. In his surreply, Rivera argues that his counsel was "ineffective during sentencing by failing to object to the improper sentence computation based on aggravating factors not determined by a jury" and avers that he "was assigned to a level 34, category 5 for allegedly committing a crime of violence while being in possession of a firearm." *Doc. 11* at 2-3.

The Tenth Circuit applies the rule in *Apprendi* only where the fact would increase a defendant's sentence "above the statutory maximum permitted by the statute of conviction." *United States v. Price*, 400 F.3d 844, 847 (10th Cir.2005). On the other hand, it is well established that sentencing factors provided in the Sentencing Guidelines need not be charged in an indictment and need only be proved to the sentencing judge by a preponderance of the evidence. *See United States v. Olsen*, 519 F.3d 1096, 1105 (10th Cir. 2008) (affirming the preponderance of the evidence standard for sentencing facts that increase a sentence in the "ordinary case"); *United States v. Constantine*, 263 F.3d 1122, 1125 n.2 (10th Cir. 2001) (affirming a preponderance of the evidence standard for facts that enhance a defendant's offense level by 4 levels).

Rivera's offense level of 34, including the four-point level increase, is reached through the application of the Sentencing Guidelines (U.S.S.G § 2K2.1(b)(6)(B)) and, therefore, facts establishing that he used or possessed a firearm in connection with an Aggravated Assault with a Deadly Weapon only needed to be proved to the sentencing judge by a preponderance of the evidence. Accordingly, Rivera's counsel was not ineffective for failing to raise a meritless objection.

Finally, Rivera mentions that he did not admit to three prior convictions but only stipulated to one felony during trial. *Doc. 20* at 7. Rivera does not expand on this

**5**

argument or explain why it should cause this Court to reject the Magistrate Judge's recommendation. Further, this argument was not raised before the Magistrate Judge and is, therefore, waived.  *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Wherefore,

IT IS HEREBY ORDERED that the Court construes Plaintiff's Motion to Amend as a surreply and gives it due consideration, **overrules** Plaintiff's Objections (*Doc. 20*), and **adopts** the Chief Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 18).*

IT IS FURTHER ORDERED that Plaintiff's Motion to Vacate, Set Aside or Correct his Sentence (*Doc. 1*) is **denied**, this case will be **dismissed with prejudice**, and the Court will **deny** a Certificate of Appealability.

_____
SENIOR UNITED STATES DISTRICT JUDGE